UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONY J. LEBOUEF                                              CIVIL ACTION

VERSUS                                                       NUMBER: 20-2300

OCHSNER MAIN HOSPITAL                                        SECTION: "H"(5)
NEW ORLEANS, LA

### REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* by *pro se* Plaintiff, Tony J. LeBouef, against Defendant, the Ochsner Main Hospital in New Orleans, Louisiana. (Rec. docs. 1, 4).

Plaintiff is an inmate of the Terrebonne Parish Jail who is awaiting trial on an unidentified charge(s). (Rec. doc. 1, p. 3). In his complaint, Plaintiff relates the unfortunate passing of his wife in 2019 after undergoing surgery at the hands of, and taking banned medication that was prescribed by, doctors at Ochsner. (*Id.* at p. 5). Plaintiff seeks a substantial amount of monetary damages. (*Id.*).

As noted above, Plaintiff has instituted this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 4). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged herein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(B)(1). For the reasons that follow, it will be recommended that Plaintiff's complaint be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that point, Ochsner is not considered to be a state actor for purposes of §1983 liability. *Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993). Even if it were, medical malpractice and negligence are simply not actionable under §1983. *Pierson v. Gonzales*, 73 Fed.Appx. 60 (5th Cir. 2003)(citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)). For these reasons, it will be recommended that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim under §1915(e)(2)(B).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  27th  day of      August      , 2020.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL B. NORTH
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.